UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21017-KMM/Becerra

DWELLY CAULEY,

    Petitioner,

v.

WARDEN WHETHERS, *et al.*,

    Respondents.

_____/

**REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254[1]**

**THIS CAUSE** came before the Court upon Dwelly Cauley's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. [1]. Warden Whethers and the United States Attorney for the Southern District of Florida ("Respondents") filed a Response, ECF No. [10], and Petitioner filed a Reply. ECF No. [11]. Upon due consideration, the undersigned **RECOMMENDS** that the Petition be **DENIED**.

**I.    BACKGROUND**

Petitioner is currently serving a term of incarceration for two different criminal matters, both of which were before courts in this District.

**A.  First Criminal Case**

On April 10, 2003, a federal grand jury sitting in the Southern District of Florida returned a four-count Indictment, charging Petitioner and his two co-defendants with various drug-related

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore for all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. *See* ECF No. [4].

offenses.  *See* Indictment, *United States v. Cauley*, No. 1:03-cr-20294-JAL (S.D. Fla. Apr. 10, 2003) ("First Criminal Case"), ECF No. [3].[2]  Specifically, Petitioner was charged with: (1) conspiracy to import cocaine in violation of Title 21, United States Code, Section 963 ("Count I"); and (2) conspiracy to possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846 ("Count II").  *Id.* at 1–2.  On November 5, 2003, following a ten-day jury trial, Petitioner was convicted of both counts.  First Criminal ECF No. [81].

On December 22, 2003, a Presentence Investigation Report ("PSI") was submitted.  The PSI assigned Petitioner a criminal history category of II based, in part, upon a 1998 Florida state court charge for which the adjudication was ultimately withheld and the entry of sentence was suspended.  Based upon Petitioner's offense level and his criminal history category, the PSI recommended a guideline range of 262 months to 327 months.  On February 3, 2004, Petitioner was sentenced to 262 months of imprisonment as to both counts, to run concurrently.  First Criminal ECF No. [99].  The judgment was affirmed by the Eleventh Circuit Court of Appeals on March 4, 2005.  First Criminal ECF No. [121].

On June 5, 2006, Petitioner filed a *pro se* Motion to Vacate Under 28 U.S.C. § 2255, asserting claims for ineffective assistance of counsel and prosecutorial misconduct.  First Criminal ECF No. [123].  Petitioner's Motion to Vacate was denied on October 23, 2008.  First Criminal ECF No. [128].  On April 7, 2015, Petitioner filed a *pro se* Motion to Reduce Sentence Under 18 U.S.C. § 3582 in light of the 2014 amendments to the Sentencing Guidelines.  First Criminal ECF No. [132].  The Motion to Reduce Sentence was denied on October 9, 2015, First Criminal ECF No. [136], and the denial was affirmed on appeal on September 14, 2016, First Criminal ECF No.

---

[2] References to the electronic docket in the First Criminal Case will be cited as "First Criminal ECF No. [ ]."

2

[144]. On February 23, 2018, Petitioner filed a *pro se* Petition for Writ of *Coram Nobis*, arguing that the 1998 state court conviction that formed the basis for his criminal history category of II was void pursuant to *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016). First Criminal ECF No. [145]. On May 23, 2018, Petition for Writ of *Coram Nobis* was denied by the District Court. First Criminal ECF No. [146].

### B. The Second Criminal Case

On September 18, 2003, less than one month before the commencement of the jury trial in the First Criminal Case, a federal grand jury sitting in the Southern District of Florida returned an Indictment, charging Petitioner and a co-defendant with one count of conspiracy to possess with intent to distribute five kilograms of more of cocaine in violation of Title 21, United States Code, Section 846. *See* Indictment, *United States v. Cauley*, No. 1:03-cr-20764-UU (S.D. Fla. Sep. 18, 2003), ECF No. [3].[3] On May 25, 2004, Petitioner pled guilty to the charge in the Indictment. Second Criminal ECF No. [63].

On August 31, 2004, a PSI was submitted. The PSI assigned a base level offense of thirty-eight based on the quantity of cocaine but recommended a three-point reduction for acceptance of responsibility. The PSI assigned a criminal history category of III based, in part, upon the First Criminal Case. As a result, the PSI recommended a guideline range of 210 months to 262 months imprisonment. On August 31, 2004, Petitioner was sentenced to 210 months imprisonment to run partially concurrently to the sentence in the First Criminal Case such that he would serve an additional five years upon the completion of the sentence imposed in the First Criminal Case. Second Criminal ECF No. [100].

---

[3] References to the electronic docket in the Second Criminal Case will be cited as "Second Criminal ECF No. [ ]."

On appeal, the judgment was vacated on the grounds that the Court had incorrectly applied the Sentencing Guidelines as mandatory. Second Criminal ECF No. [149] at 4. Before re-sentencing, Petitioner filed a Motion to Dismiss Based on Double Jeopardy and a Motion to Withdraw Guilty Plea. Second Criminal ECF Nos. [170], [173]. The District Court did not rule on the pending motions; instead, the Court conducted the re-sentencing hearing on January 6, 2006, and re-imposed the same sentence. Second Criminal ECF No. [175]. On appeal, the Eleventh Circuit affirmed the judgment, concluding that the "district court was not authorized to consider [Petitioner]'s motions to dismiss his indictment and withdraw his guilty plea because they were outside the scope of [the] limited remand." Second Criminal ECF No. [187] at 5. On July 11, 2017, Petitioner filed a *pro se* Motion to Correct Sentence, which was denied as moot. Second Criminal ECF Nos. [197], [199].

### C. The Instant Motion

Petitioner now argues that he is entitled to relief under Section 2254 because the sentence in the First Criminal Case was enhanced based on a state conviction that was subsequently deemed a non-conviction by the Florida Supreme Court. ECF No. [1-1] at 15–16. Petitioner states that the PSI in the First Criminal Case calculated a criminal history category of II based, in part, on a 1998 state matter in which the adjudication was withheld and the sentence suspended. *Id.* at 18. Petitioner submits that this state matter caused his criminal history category to increase from a level I to a level II and, as a result, caused the recommended guideline range to increase by twenty-seven months. *Id.* at 18–19. Petitioner argues that because the Florida Supreme Court determined in 2016 that a guilty plea for a felony with adjudication withheld does not qualify as a conviction, his criminal history category should not have been increased, and his sentence should be reduced by twenty-seven months. *Id.* at 20–22. Petitioner also argues that this Court has the authority to

re-sentence him and submits that his post-sentence rehabilitation supports a "substantial downward variance." *Id.* at 27–30.

Petitioner submits that the instant Motion is timely because he believed that his prison counselor was working with the probation office throughout 2019 to propose corrections to his PSI based on the Florida Supreme Court's decision. *Id.* at 23. Petitioner states that in December 2019 he learned that probation would not propose any changes to the PSI and, as such, counsel submitted the instant Motion in March 2020. *Id.* at 24. Petitioner notes that the Motion was filed in March 2020 because the last supporting documents were received in February 2020. *Id.* Petitioner further argues that he is not required to exhaust state remedies because the 1998 state matter is not a conviction for which he seeks any reversal. *Id.* at 26–247.

In response, Respondents argue that although the adjudication in the state case increased Petitioner's guideline range, the case which held that such adjudication should not be considered for sentencing purposes was decided in 2016 and does not apply retroactively. *Id.* at 2–3. Respondents note that Petitioner made this same argument in his *pro se* Petition for Writ of Error *Coram Nobis*, which was denied by the District Court. *Id.* at 3. Finally, Respondents argue that the relief sought is not cognizable under Section 2254 because Petitioner is not in custody under any judgment imposed by a State court. *Id.* at 4. As such, Respondents argue that this Court does not have jurisdiction over the Petition. *Id.*

In his Reply, Petitioner argues that Section 2254 serves as the proper basis for the relief sought because he is "actually innocent of his 1998 state court conviction as a matter of law." ECF No. [11] at 2. In addition, Petitioner notes that Respondents did not challenge his request for a downward departure. *Id.* at 3.

5

## II. ANALYSIS

Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In *Maleng v. Cook*, the Supreme Court considered the meaning of "in custody" under the statute. 490 U.S. 488 (1989). In that case, the petitioner was convicted in state court in 1958. *Id.* at 489. Upon the completion of his state sentence, the petitioner was again convicted on a state charge in 1976, and on an unrelated federal charge on the same year. *Id.* At the time the habeas petition was filed, the petitioner was serving his federal sentence and was scheduled to begin serving the state sentence upon the completion of the federal term. *Id.* In his habeas petition, the petitioner argued that the first state conviction from 1958 was invalid because he had not been given a competency hearing and, as a result, that it had been improperly used to enhance his 1978 state sentence, which he had not yet begun to serve. *Id.* at 490. The Supreme Court concluded that that a habeas petitioner does not remain "in custody" after the sentence has fully expired "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* at 492. The Court concluded that although the petitioner could no longer challenge the 1958 state sentence that had been fully served, he could challenge the 1978 state sentence, as enhanced by the allegedly invalid prior conviction. *Id.* at 493. The Court explained that the petitioner was "in custody" as to the 1978 state conviction because he was subject to a state detainer such that he would be transferred to state custody upon the completion of his federal sentence. *Id.*

Indeed, "the Supreme Court in *Maleng* left open the possibility that petitioners who are currently incarcerated may challenge the enhancement of their current sentences by prior

convictions for which the sentence has completely expired." *Van Zant v. Florida Parole Com'n*, 104 F.3d 325, 327 (11th Cir. 1997). In *Daniels v. United States*, for example, the Supreme Court noted that a federal inmate could, under certain circumstances, collaterally attack his federal sentence under Section 2255, as enhanced by state convictions that were themselves unconstitutional. 532 U.S. 374, 377 (2001). In that case, an inmate serving a federal sentence claimed that prior state convictions could not be used as predicates under the Armed Career Criminal Act because they were based on pleas that were not knowing and voluntary and were the product of ineffective assistance of counsel. *Id.* The Supreme Court concluded that although "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," the petitioner in that case could have pursued his claims while he was in state custody. *Id.* at 384. As such, the Court concluded that the petitioner could not sustain a habeas petition under Section 2255 to collaterally attack his prior state convictions. *Id.*

That same year, the Supreme Court decided *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). In that case, the petitioner was convicted in state court in 1986. *Id.* at 397. Within one year of his state conviction, the petitioner filed a habeas petition in state court for ineffective assistance of counsel. *Id.* In what appeared to be an oversight, the state court never ruled on the habeas petition and, as a result, it remained pending over fourteen years. *Id.* at 397–98. Several years later, after the petitioner had fully served his state sentence, he was convicted of another crime in state court. *Id.* at 398. At sentencing, the state court took into consideration the petitioner's criminal record, which included the prior 1986 conviction. *Id.* at 399. The Supreme Court concluded that a state inmate could, under certain circumstances, sustain a habeas petition under Section 2254 to "demonstrate that his current sentence was enhanced on the basis of a prior

conviction that was" unconstitutional. *Id.* at 404. The Court explained that a fully expired conviction was subject to collateral attack where a state court refused to rule on a properly asserted constitutional claim without any justification or where a defendant "obtain[ed] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* The Court ultimately concluded that the petitioner was not entitled to relief under Section 2254 because the second state conviction was not "actually affected by the 1986 conviction" and because the petitioner could have requested a hearing on the state habeas petition that presumably "slipped through the cracks." *Id.* at 408. Here, Petitioner claims that he is entitled to seek relief under Section 2254 because he "is actually innocent of the state court 'conviction' that represents 27 months of his current sentence." ECF No. [1-1] at 25. However, as a threshold matter the Court does not have jurisdiction over the instant Petition because a federal sentence is not subject collateral attack under Section 2254. Petitioner conflates the exceptions for whether state convictions can be collaterally attacked after they have fully expired with the jurisdictional requirements under Section 2254. Indeed, neither *Maleng*, *Daniels*, or *Coss* stand for the proposition that an inmate serving a federal sentence may, under Section 2254, collaterally attack that sentence based on the illegality of a state conviction used as a sentencing enhancement. Instead, the Supreme Court has made clear that an inmate serving a federal sentence is not "in custody pursuant to the judgment of a State court under § 2254(a)" simply because a "state conviction served as a predicate for his federal conviction." *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (quoting 28 U.S.C. § 2254(a)).

In *Wright*, the petitioner was convicted by a state court. *Id.* at 1467. Upon the completion of his state sentence, the petitioner was convicted of a federal crime. *Id.* at 1467–68. While the federal proceedings were underway, the petitioner filed a habeas petition under Section 2254,

arguing that his first state conviction and sentence violated the Sixth Amendment. *Id.* at 1468. The Supreme Court concluded that the petitioner could not satisfy the requirements of 2254(a) because "his second judgment was entered by a federal court" and "[w]hen [a] second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.* (quoting *Maleng*, 490 U.S. at 492–93). The Court noted that if the petitioner's "second conviction had been for a state crime, he independently could have satisfied § 2254(a)'s 'in custody' requirement." *Id.* (citing *Coss*, 532 U.S. at 401–02).

Petitioner contends that this Court has jurisdiction under Section 2254 because "the state adjudication illegally affects the sentence [Petitioner] is currently serving." ECF No. [1-1] at 18. However, Petitioner cannot satisfy Section 2254's "in custody" requirement because the judgment he is currently serving was not entered by a State court. *See Wright*, 141 S. Ct. at 1468 (holding that the "in custody" requirement was not satisfied "for the simple reason that [the] second judgment was entered by a federal court"). Because Petitioner is serving a judgment entered by a federal court and not one entered by a state court, Section 2254 simply does not apply.

Indeed, the cases cited by Petitioner were all cases where the petitioner was serving and challenging a state court sentence; none support a conclusion that a federal sentence may be collaterally attacked under Section 2254. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (concluding that an inmate serving consecutive state sentences satisfies Section 2254's "in custody" requirements and "may attack the conviction underlying the sentence scheduled to run first in the series"); *Harper v. Evans*, 941 F.2d 1538, 1539 (11th Cir. 1991) (holding that a state prisoner could challenge his sentence under Section 2254 based on the claim that the sentence he was serving was enhanced by an allegedly invalid prior conviction that had fully expired); *Fox v. Kelso*, 911 F.2d 563, 567–68 (11th Cir. 1990) (concluding that a state prisoner could challenge

state misdemeanor sentences under Section 2254 because they "delayed the date from which he will receive credit for time served against the felony convictions under which he" was incarcerated at the time).

Moreover, even if the Court had jurisdiction, Petitioner's claim fails on the merits. There is no genuine dispute that the 1998 Florida state court matter was deemed a non-conviction by the Florida Supreme Court in *Clarke v. United States*, 184 So. 3d 1107 (Fla. 2016). *See United States v. Clarke*, 822 F.3d 1213, 1214 (11th Cir. 2016) (noting the Florida Supreme Court's response to the Eleventh Circuit's certified question that a guilty plea with an adjudication withheld is not a conviction). Indeed, Respondents concede that if *Clarke* had been the law at the time of Petitioner's sentencing, the low end of his Guideline range would have been 235 months as opposed to 262 months. ECF No. [10] at 2–3. However, because *Clarke* does not apply retroactively, it cannot provide a basis for post-conviction relief.

Specifically, a case that is decided after a conviction and sentence become final "may not be the basis for vacating that conviction." *United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997) (citing *Teague v. Lane*, 489 U.S. 288 (1989)). There are only two narrow exceptions to the rule on non-retroactivity:

> [t]he first exception to the *Teague* rule is limited to rules that place a class of private conduct beyond the power of the government to proscribe or remove a class of defendants from a certain type of punishment . . . . The second exception involves new watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceedings. In order for a rule to fall within the second exception, it must not only improve accuracy of trial, but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.

*Id.* at 835 (internal citations and quotations omitted) (alteration adopted). Petitioner has not argued that either of these narrow exceptions apply–nor could he, because *Clarke* does not place any conduct beyond the government's power to punish or implicate any rule of criminal procedure.

10

Indeed, when Petitioner made this same argument in support of his Petition for Writ of *Coram Nobis*, this Court rejected the argument concluding that *Clarke* does not apply retroactively. First Criminal ECF No. [146] at 1 (dismissing the petition "because the case upon which he relies to support his claim that his sentence is unlawful, *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), has not been made retroactively applicable to cases of post-conviction relief"). Accordingly, because the Court has no jurisdiction over the instant Motion and because it would nevertheless fail on the merits, the undersigned **RECOMMENDS** that it be **DENIED**.[4]

### III.  CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, it is recommended that no Certificate of Appealability issue. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000) and *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[4] Petitioner submits that the instant Petition was filed past the one-year statute of limitation because it was prepared as soon as he learned that the probation office would not recommend an amendment to his PSI based on the holding in *Clarke.* ECF No. [1-1] at 23; *Fox v. McNeil*, 373 Fed. App'x 32, 34 (11th Cir. 2010) (noting that petitions under Section 2254 are subject to a one-year statute of limitations, which may be equitably tolled given circumstances beyond the petitioner's control). In addition, Petitioner argues that he cannot exhaust any administrative remedies with respect to the 1998 state matter because it has already been deemed a non-conviction under *Clarke* such that there is no remedy in state court. ECF No. [1-1] at 27. Because the Court finds that it does not have jurisdiction over the instant Petition and that the arguments raised nevertheless fail on the merits, it need not reach Petitioner's timeliness and exhaustion arguments.

claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge pursuant to the Objections section below.

### IV.     RECOMMENDATIONS

Based upon the foregoing, it is **RECOMMENDED** that the Petition, ECF No. [1] be **DENIED** and that a certificate of appealability be **DENIED**.

### V.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 2, 2022

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE