UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21017-KMM

DWELLY CAULEY,

    Petitioner,

v.

WARDEN WHETHERS, *et al.*,

    Respondent.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Petitioner Dwelly Cauley's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ("Pet.") (ECF No. 1). Therein, Petitioner requests that the Court vacate his sentence and set the matter for resentencing. Pet. at 19. Warden Whethers and the United States Attorney for the Southern District of Florida (collectively, "Respondents") filed a Response, (ECF No. 10), and Petitioner filed a Reply, (ECF No. 11). The matter was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, (ECF No. 4), who issued a Report and Recommendation, ("R&R") (ECF No. 12), recommending that Petitioner's Petition be DENIED. Petitioner filed a timely objection to the R&R. ("Obj.") (ECF No. 13). Respondents filed a Response to the Objections (ECF No. 15). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R IN PART.

I.    **BACKGROUND**

On November 5, 2003, following a ten-day jury trial, Petitioner was convicted of (1) conspiracy to import cocaine in violation of Title 21, United States Code, Section 963; and (2) conspiracy to possess with intent to distribute cocaine in violation of Title 21, United States Code,

Section 846. *See Indictment, United States v. Cauley*, No. 1:03-cr-20294-JAL (S.D. Fla. Apr. 10, 2003) ("First Criminal Case") (ECF No. 3).[1]

As the R&R notes:

> On December 22, 2003, a Presentence Investigation Report ("PSI") was submitted. The PSI assigned Petitioner a criminal history category of II based, in part, upon a 1998 Florida state court charge for which the adjudication was ultimately withheld and the entry of sentence was suspended. Based upon Petitioner's offense level and his criminal history category, the PSI recommended a guideline range of 262 months to 327 months. On February 3, 2004, Petitioner was sentenced to 262 months of imprisonment as to both counts, to run concurrently. First Criminal ECF No. [99].

R&R at 2.

On September 18, 2003, less than one month before the commencement of the jury trial in the First Criminal Case, a federal grand jury sitting in the Southern District of Florida returned an Indictment, charging Petitioner and a co-defendant with one count of conspiracy to possess with intent to distribute five kilograms of more of cocaine in violation of Title 21, United States Code, Section 846. *See Indictment, United States v. Cauley*, No. 1:03-cr-20764-UU (S.D. Fla. Sep. 18, 2003) (ECF No. 3).[2] On May 25, 2004, Petitioner pled guilty to the charge in the Indictment. Second Criminal ECF No. [63].

As the R&R states:

> On August 31, 2004, a PSI was submitted. The PSI assigned a base level offense of thirty-eight based on the quantity of cocaine but recommended a three-point reduction for acceptance of responsibility. The PSI assigned a criminal history category of III based, in part, upon the First Criminal Case. As a result, the PSI recommended a guideline range of 210 months to 262 months imprisonment. On August 31, 2004, Petitioner was sentenced to 210 months imprisonment to run partially concurrently to the sentence in the First Criminal Case such that he would

---

[1] References to the electronic docket in the First Criminal Case will be cited as "First Criminal ECF No. [ ]."
[2] References to the electronic docket in the Second Criminal Case will be cited as "Second Criminal ECF No. [ ]."

> serve an additional five years upon the completion of the sentence imposed in the First Criminal Case. Second Criminal ECF No. [100].

R&R at 2.

Now Petitioner argues that he is entitled to relief under § 2254 because the court in the First Criminal Case enhanced his sentence based on a state conviction that was subsequently deemed a non-conviction by the Florida Supreme Court. ECF No. [1-1] at 15–16. Specifically, the PSI in the First Criminal Case calculated a criminal history category of II based, in part, on a 1998 state matter in which the adjudication was withheld and the sentence suspended. *Id*. at 18. This state matter caused Petitioner's criminal history category to increase from a level I to a level II and, as a result, caused the recommended guideline range to increase by twenty-seven months. *Id*. at 18–19. Petitioner argues that because the Florida Supreme Court determined in 2016 that a guilty plea for a felony with adjudication withheld does not qualify as a conviction, his criminal history category should not have been increased, and his sentence should be reduced by twenty-seven months. *Id*. at 20–22.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's

3

conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

**III.   DISCUSSION**

As set forth in the R&R, Magistrate Judge Becerra recommends that the Petition be DENIED. *See generally* R&R. First, Magistrate Judge Becerra finds that this Court lacks jurisdiction over the instant Petition because a federal sentence is not subject to collateral attack under § 2254. *Id*. at 8–10. Even if the Court had jurisdiction over the Petition, however, Magistrate Judge Becerra finds that Petitioner's claim fails on the merits because *United States v. Clarke*, 184 So. 3d 1107 (Fla. 2016), does not apply retroactively. *Id.* at 10–11. Lastly, Magistrate Judge Becerra recommends that no Certificate of Appealability issue. *Id*. at 11–12.

Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001), the Supreme Court addressed the question of whether, like here, "federal postconviction relief is available when a [state] prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." 532 U.S. at 396. The Court held that once a state conviction is no longer open to direct or collateral attack because the defendant failed to pursue those remedies while they were available the conviction may be regarded as conclusively valid. *Id.* at 403–04. And, if that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Id.*

As Magistrate Judge Becerra notes, "the Supreme Court has made clear that an inmate serving a federal sentence is not 'in custody pursuant to the judgment of a State court under § 2254(a)' simply because a 'state conviction served as a predicate for his federal conviction.'" R&R at 8 (citing *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (quoting 28 U.S.C. § 2254(a))). Accordingly, Magistrate Judge Becerra found that Petitioner cannot satisfy § 2254's "in custody" requirement because the judgment he is serving was not entered by a State court. R&R at 9 (citing *Wright*, 141 S. Ct. at 1468). And therefore, this Court lacks jurisdiction over the instant Petition. The Court agrees—because Petitioner is no longer "in custody" for his prior conviction, he cannot challenge that conviction in a habeas petition pursuant to § 2254.

Petitioner argues, however, that this Court has jurisdiction over the instant Petition pursuant to an exception to the "in custody" requirement. Objs. at 1–3.

In *Lackawanna*, five Justices joined the part of the opinion that identified an exception to the rule that a § 2254 petitioner must be in state (rather than federal) custody to be eligible to attack a prior state conviction or related enhancement. 532 U.S. at 405. Specifically, an exception exists when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*." *Id*. at 404. The Court noted that the failure to appoint counsel is a "unique constitutional defect" of a jurisdictional nature, deserving "special treatment." *Id*.

Justice O'Connor identified two other possible exceptions to the rule announced in *Coss*, but only two other Justices joined this part of her opinion. *Id*. at 395, 405–06 (noting O'Connor, Rehnquist, and Kennedy as the only Justices joining Part III–B of the opinion). Those exceptions include a defendant's lack of fault in failing to obtain review of the prior convictions or the discovery of "compelling evidence that he is actually innocent" of the prior crimes. *Id*. at 405. These exceptions were rooted in the notion that, "[i]n such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." *Id*. at 406.

Petitioner argues that an exception exists in the instant case because Petitioner has "compelling evidence that he is actually innocent." Objs. at 1–3. Petitioner cites to no binding or persuasive caselaw where a court has applied the "actually innocent" exception that Justice O'Connor raised in her plurality opinion. However, as the Eleventh Circuit has stated, "the failure-to-appoint-counsel exception is the only exception joined by five Justices in *Coss*, and, consequently, it is the only recognized exception to the general prohibition on reviewing prior

6

expired sentence-enhancing convictions." *Hamm v. Comm'r, Alabama Dep't of Corr.*, 620 F. App'x 752, 766 (11th Cir. 2015). In other words, the "actual innocence" exception is not recognized as an exception to the general prohibition on reviewing prior expired sentence-enhancing convictions in this Circuit. Here, Petitioner is no longer "in custody" for his prior conviction and no recognized exception applies to the instant Petition. Accordingly, this Court lacks jurisdiction over the instant Petition. This Court ADOPTS the R&R with regards to its findings on jurisdiction.

Because this Court agrees that it lacks jurisdiction over the instant Petition, this Court declines to address the merits of the Petition. Accordingly, this court declines to adopt Magistrate Judge Becerra's findings as to the merits of the Petition.

Lastly, Magistrate Judge Becerra recommends that no certificate of appealability issue. R&R at 11. The Court should issue a certificate of appealability only if Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner objects and argues that, on the merits, he has made a substantial showing of the denial of a constitutional right. Objs. at 10–11. Yet Petitioner's objection makes no reference to Magistrate Judge Becerra's findings on jurisdiction. Here, Movant has not made a substantial showing of the denial of a constitutional right. Nor has Movant raised issues that reasonable jurists would find debatable. A certificate of appealability is not appropriate in this case.

UPON CONSIDERATION of the Motion to Vacate pursuant to § 2254, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's Report and Recommendation (ECF No. 12) is ADOPTED IN PART, Petitioner's Objections (ECF No. 13) are OVERRULED, the Petition Under 28 U.S.C. § 2254 (ECF No. 1) is DENIED, and no Certificate of Appealability shall issue.

The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *15th* day of February, 2023.

                                                                     K. MICHAEL MOORE
                                                                    UNITED STATES DISTRICT JUDGE

c: All counsel of record